**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

RODERICK WHITE,                                                                                          PLAINTIFF
ADC #92057

v.                                              2:12-cv-00078-BSM-JTK

NURSE RANEW, et al.                                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.    The detail of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I. INTRODUCTION**

Plaintiff Roderick White, a state inmate proceeding <u>pro se</u>, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed <u>In Forma Pauperis</u> pursuant to 28 U.S.C. § 1915 (Doc. No. 1). Although Plaintiff submitted a declaration that makes the showing required by § 1915(a), his Motion will be denied. 28 U.S.C. § 1915(a).

**II. SCREENING**

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915(a). Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed for failure to state a claim,[1] and is considered a "three-striker" within the meaning of the PLRA. In addition, his present allegations of failure to provide appropriate cleaning for his prosthetic eye do not fall under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g).

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff White's Motion to Proceed In Forma Pauperis (Doc. No. 1) be DENIED.

2.   Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $350.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

3.   Plaintiff's Complaint be DISMISSED without prejudice.

---

[1] See White v. Burnett, 5:96-cv–00245-HDY, dismissed pursuant to Heck v. Humphrey (Heck dismissals are considered strikes – see Patton v. Jefferson Correctional Center, 136 F.3d 458, 462-64 (5th Cir. 1998)); White v. Jones, 5:06-cv-00157-BRW, dismissed for failure to state a claim; and White v. Norris, 5:07-cv-00140-SWW, dismissed for failure to state a claim.

IT IS SO RECOMMENDED this 9th day of May, 2012.

```
                          _____
                          JEROME T. KEARNEY
                          UNITED STATES MAGISTRATE JUDGE
```